

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 27, 1966

Honorable Bruce Allen
County Attorney
Ellis County
Waxahachie, Texas

Opinion No. C-670

Re: Whether the trustees of
the Perpetual Care Fund
of the Hillcrest Burial
Park, Inc. or the corpo-
ration may invest said
trust fund in corporate
stock;

Whether the Dedicatory
Agreement of the Hillcrest
Burial Park, Inc. and the
Trust Agreement between
Hillcrest Burial Park,
Inc. and the trustees of
the Perpetual Care Fund
may be amended so as to
authorize the trustees
to invest trust funds in
corporate stocks.

Dear Mr. Allen:

By your recent letter you request an opinion of this
office with regard to the above-mentioned questions.

The Trust Agreement between Hillcrest Burial Park,
Inc. and the trustees of the Perpetual Care Fund (wherein
the trustees are known as the "second parties") provides, in
part, as follows:

"That the said Second Parties shall invest,
re-invest and keep this trust fund invested in
bonds of the United States, or of the State of
Texas, or any County, City or other political
subdivision of the State of Texas, or in first
mortgage or in first lien improved real estate,
or in bonds legal for investment for savings
banks or trust companies in this State."

It is evident that the Trust Agreement would not permit the trustees to invest trust funds in corporate stocks.

Statutory law relating to investment of perpetual care funds, Article 912a-17, Vernon's Civil Statutes, provides, in part, as follows:

"Perpetual care funds shall not be used for any other purpose than to provide through the income only therefrom the perpetual care stipulated in the resolution, bylaws, or other action or instrument by which the fund was created or established, and it shall be the duty of the duly appointed trustee to invest, reinvest and keep such funds invested in such securities or assets as are or shall hereafter comply with the provisions of the Texas Trust Act in so far as the same may govern the investment of trust funds by the trustees thereof."

Article 7425b-46, Vernon's Civil Statutes ( The Texas Trust Act) provides, in part, as follows:

"A. In acquiring, investing, reinvesting, exchanging, retaining, selling, supervising and managing property for the benefit of another, the trustee shall exercise the judgment and care under the circumstances then prevailing, which men of ordinary prudence, discretion, and intelligence exercise in the management of their own affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income therefrom as well as the probable safety of their capital. Within the limitations of the foregoing standard, the trustee is authorized to acquire and retain every kind of property, real, personal, or mixed, and every kind of investment, specifically including but not by way of limitation, bonds, debentures and other corporate obligations, and stocks, preferred or common, which men of ordinary prudence, discretion, and intelligence acquire or retain for their own account; and within the limitations of the foregoing standard, a fiduciary may retain property properly acquired, without limitation as to time and without regard to its suitability for original purchase.

"B.  Nothing contained in this Section of this Act shall be construed as authorizing any departure from, or variation of, the express terms, provisions or limitations set forth in any ... agreement ... or other instrument creating or defining the trustee's duties, authority and powers..."

Where the language of the statute is clear and unambiguous, it will be enforced according to its words. Central Education Agency v. Independent School District, 152 Tex. 56 , 254 S.W.2d 357 (1953).

Therefore, it is the opinion of this office that the trustees of the Hillcrest Burial Park, Inc. Perpetual Care Fund may not invest the trust funds in corporate stocks, unless and until the Trust agreement is amended as hereinafter stated.

With regard to the second question you have asked, we must first consider Section 37 of the Dedicatory Agreement signed by the President and Secretary of said Corporation and filed with the Ellis County Clerk on December 30, 1942, which provides in part as follows:

"The accumulated care fund has been, and that in the future, as collected, will be placed in the hands of named trustees of said Perpetual Care Fund for the benefit of said Association, which fund thus created shall be held forever intact and shall be invested, re-invested and kept invested in bonds of the United States or of the State of Texas or of any county, city, or other political subdivision of the State of Texas or of first mortgage or on improved, first lien, real estate, or in bonds legal for investment for savings banks or trust companies in this State."

Section 46 of the Dedicatory Agreement provides as follows:

"With the exceptions of all the provisions, conditions, etc., herein pertaining to the Perpetual Care Fund, these provisions, rules and regulations, etc., may at any time in the future be amended or appealed or added to by resolution of the Board of Directors of the Corporation, when

recorded in the Deed Records of Ellis County, Texas, together with a certified copy of a resolution approving such repeal, amendment, or addenda passed at a regular or special meeting of the Association and certified to under its seal and signed by its President and Secretary."

However, Article 912a-15, Vernon's Civil Statutes, provides, in part, as follows:

"Notwithstanding any other provision of the laws of the State of Texas or any provision in a trust agreement executed for the purpose of providing perpetual care for a cemetery, such trust agreement may by agreement, entered into between the cemetery association and trustee or trustees acting under such trust agreement, be amended so as to include any provision which is not inconsistent with any provision in this act." (Emphasis added).

The pertinent provisions of the Trust Agreement have been set out heretofore. There is no provision in the Trust Agreement prohibiting the amendment of such instrument. Thus, the trust agreement, when considered apart from the Dedicatory Agreement, could be amended by the joint action of the cemetery association and the trustees. Further, even if the trust agreement had a provision prohibiting amendment, it could be amended due to the provisions of Article 912a-15. Thus, the question is whether the Corporation, by use of an extrinsic document, i.e., the Dedicatory Agreement, can circumvent the provisions of Article 912a-15. We think this must be answered in the negative.

The particular covenant contained in the Dedicatory Agreement with which we are concerned would have been an enforceable obligation prior to the 1963 addition of the quoted section of Article 912a-15, Vernon's Civil Statutes. However, by the 1963 amendment, the Legislature clearly expressed its intent that said trust agreement can be amended. Therefore, the Dedicatory Agreement must be considered revised to the extent necessary to effectuate such procedure. Also, the nonperformance of this covenant will be excused as it was caused by a law enacted subsequent to the making of the contract. Binz v. National Supply Co., 105 S.W. 543 (Tex. Civ. App. 1907 error dism.).

Therefore, without considering whether the Dedicatory Agreement of the Hillcrest Burial Park, Inc., may be amended, it is the opinion of this office that the trust agreement between Hillcrest Burial Park, Inc., and the trustees of the perpetual care fund may be amended so as to permit the trustees to invest the trust funds in the securities and assets described by Article 7425b-46, Vernon's Civil Statutes, (commonly called the Texas Trust Act) and therefore in corporate stocks as permitted therein.

### S U M M A R Y

1.  The provisions of Article 912a-17, V.C.S., establish the Texas Trust Act as a standard for the investment of perpetual care funds by the trustees thereof, and where the Trust Agreement under which the trustees are operating only authorizes the investment of a portion of the investments permitted under the Texas Trust Act, the trustees are bound to follow the latter, unless and until the Trust Agreement is amended to allow all the investments permitted by the Texas Trust Act.

2.  Article 912a-15, V.C.S., provides that a trust agreement for the investment of perpetual care funds, notwithstanding any provision to the contrary contained therein, may be amended so as to include any provision not inconsistent with said Act; therefore, an extrinsic contract may not be used to circumvent the express language of the statute, and such trust agreement may be amended so as to authorize the investment of perpetual care funds in all investments permitted by the Texas Trust Act.

Yours very truly,

WAGGONER CARR
Attorney General

Charles M. Bardwell
Assistant Attorney General

CMB: vg

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
James Strock
John Banks
Pat Bailey
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright